## Board of Supervisors of Fairfax County, et al.

### v.

## Group Health Association, Inc.

Record No. 911173

February 28, 1992

Present: All the Justices

*A. Robert Cherin, Deputy County Attorney (David T. Stitt, County Attorney; Jill L. Rowe, Assistant County Attorney*, on briefs), for appellants.

*Stephen K. Fox (Fox & Proffitt*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

This appeal involves a determination by Fairfax County that Group Health Association, Inc. does not qualify for an exemption from the Fairfax County Business, Professional, and Occupational License (BPOL) tax under Fairfax County Code § 4-7-1(a)(3).

Group Health Association, Inc. (GHA) is a health maintenance organization certified under the District of Columbia Non-profit Corporation Act with its principal place of business in Washington, D.C. GHA has approximately 157,000 members. Presently, it has four health care centers in Fairfax County which, "[i]n terms of staffing and equipment, . . . rank somewhere between a hospital emergency room and a private physician's office."

In 1982, GHA applied for an exemption from the Fairfax County BPOL and personal property taxes. The exemption was granted for the BPOL tax, but the County denied the request for exemption from the personal property taxes.

On October 30, 1989, GHA received a letter from the Fairfax County tax assessment office revoking the exemption from the BPOL taxes because GHA "is a membership organization and services are provided to members only." GHA filed a declaratory judgment action seeking a determination that the County's revocation of GHA's exemption from the BPOL tax was improper. After an *ore tenus* hearing, the trial court ruled that GHA was operating its "facilities for the welfare of the residents of the area" and that it qualified for the exemption from the BPOL tax under the Fairfax County Code. We awarded the County an appeal.

The Fairfax County Code defines the persons covered by the BPOL tax and then grants the exemptions by the definition:

Such terms shall not include a volunteer fire department, a volunteer rescue squad or a nonprofit organization operating a community center . . . and facilities for the welfare of the residents of the area.

Fairfax County Code § 4-7-1(a)(3).

The County asserts that the trial court erred when it admitted evidence of GHA's activities benefitting people who were not residents of Fairfax County. The error was compounded, the County argues, when the trial court applied an erroneous legal standard by interpreting the phrase "residents of the area" to include "the general area of Northern Virginia." The County points out that it is illogical to conclude that the Fairfax County Board of Supervisors would authorize exemption of an entity from the Fairfax County BPOL tax based on activities that benefitted residents of another county or city. We agree.

■ The Code contains no definition of "the area," but it is well established that exemptions to taxation provisions must be strictly construed against the taxpayer. *Commonwealth* v. *Manzer*, 207 Va. 996, 1000, 154 S.E.2d 185, 189 (1967). Certainly nonprofit organizations can and do engage in activities which benefit residents of more than one jurisdiction. To qualify for the exemption in issue here, however, an entity must show activities which benefit the residents of Fairfax County.

■ The trial court identified a number of GHA's activities as activities qualifying GHA for the exemption. These included assistance of low income families with health care needs, training programs, medical research, and sharing of medical rounds with pediatricians at a Fairfax hospital. Assuming, without deciding, that these activities are appropriate indicia for determining whether the exemption applies, the evidence in this record as to the specific enhancement of the welfare of Fairfax County residents resulting from these activities is lacking.* For example, medical services provided to non-members through teaching assignments and pediatric rounds are required to maintain GHA's admitting privileges in local hospitals. GHA takes no Medicaid patients and has no emergency room. GHA participates in the Fairfax County children's program, along with 250 private physicians and dentists who are subject to the BPOL. There is no evidence of how many residents of Fairfax County are beneficiaries of GHA's special assistance fund, designed to assist GHA members in paying premiums for a six-month period and to supplement expenses incurred for medical conditions the plan does not cover.

---

* Whether these activities came within the requirement of "operating . . . *facilities* for the welfare of the residents" (emphasis added), as stated in the ordinance, was not addressed by the parties or by the trial court, and we express no opinion on the question here.

The taxpayer has the burden of proving that it qualifies for an exemption. *Id.* at 1000, 154 S.E.2d at 189. We cannot say that GHA has met that burden. When there is any doubt, the doubt must be resolved against the one claiming the exemption. *Golden Skillet Corp.* v. *Commonwealth*, 214 Va. 276, 278, 199 S.E.2d 511, 513 (1973).

Accordingly, we will reverse the judgment of the trial court and enter final judgment in favor of Fairfax County.

*Reversed and final judgment.*

JUSTICE COMPTON, concurring.

I join the Court's opinion, which properly rules upon the issue in the case using the interpretation placed on the exemption by the parties at trial and on appeal. I write separately to point out that, in my opinion, the parties have misread and misconstrued the exemption. A correct construction of the ordinance, however, using elementary rules of grammar and punctuation, would not change the outcome of this appeal.

The full text of the pertinent portion of the ordinance follows:

"(3) *Persons* shall mean any individual, firm partnership, corporation, company, association or joint stock association. Such term shall include any trustee, receiver, assignee or personal representative thereof carrying on or continuing a business, profession, trade or occupation, but shall not include a court-appointed trustee, receiver or personal representative, in the liquidation of assets for immediate distribution or a sergeant or sheriff, or any deputy, selling under authority of process or writ of a court of justice.

"Such terms shall not include a volunteer fire department, a volunteer rescue squad or a nonprofit organization operating a community center, swimming pool, tennis court or other educational, cultural, recreational, and athletic facilities and facilities for the welfare of the residents of the area, and part-time umpires and referees working in educational and community sponsored recreational sports programs." Fairfax County Code § 4-7-1(a)(3).

The parties joined issue on the extent of the overall activities benefitting residents of Fairfax County to determine whether the taxpayer was entitled to be exempted under the second paragraph. The County took the position that the taxpayer provided services for the benefit of its members only and thus did not serve the "welfare of the residents of the area," as required by the ordinance to qualify for an exemption. The opposing parties interpreted the exemption to deal with the nature of the activities of nonprofit organizations and exactly who those activities benefitted.

In my opinion, a plain reading of the exemption deals with the type of "facilities" operated or managed by the nonprofit organization, not with the general activities of the organization.

In clear language, the second paragraph provides that the "*Persons*" defined in the first paragraph shall not include certain entities and individuals. Exempted from the tax are the following: (1) "a volunteer fire department," (2) "a volunteer rescue squad" (3) "or a nonprofit organization operating" (a) "a community center," (b) "swimming pool," (c) "tennis court" (d) "or other educational, cultural, recreational, and athletic facilities and facilities for the welfare of the residents of the area," and (4) "part-time umpires and referees working in educational and community sponsored recreational sports programs."

Clause 3(d) is pertinent here. The subject of the clause is "a nonprofit organization." The clause's predicate is composed of the verb "operating" plus the direct object "facilities," modified by the prepositional phrase "for the welfare of the residents of the area." Hence, the inquiry should be whether the taxpayer is operating or managing a facility for the welfare of the residents of the area.

Of course, the evidence did not concentrate on the types of facilities operated by the taxpayer. Consequently, under my interpretation of the ordinance, the taxpayer would have failed to demonstrate entitlement to the exemption.